IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS V. GONZALES,

    Plaintiff,

    v.                                                                    No. CIV 14-0484 WJ/KK

VALENCIA COUNTY DETENTION
CENTER MEDICAL STAFF,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Complaint (Tort).   Plaintiff is incarcerated and appears pro se.   Defendant removed the complaint to this Court and paid the filing fee.   The state court granted Plaintiff's application for free process (Doc. 1-4).   Based on financial information in the record, this Court will grant Plaintiff leave to proceed under 28 U.S.C. § 1915. For reasons set out below, Plaintiff's claims against the named Defendant will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was detained at the Valencia County Detention Center. Plaintiff alleges that, for five days, he was denied medical treatment for his mental health condition and an "STD flare up."  He names "Medical Staff" at the detention center as the Defendant.  As the Court of Appeals for the Tenth Circuit has stated, "to present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).  Under this standard, Plaintiff's allegations do not state a claim for relief against a Defendant.  His claim against the named Defendant will be dismissed, and he will be allowed to identify an individual Defendant.  Failure to comply with this Order may result in dismissal of the action.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's claim against Defendant Valencia County Detention Center Medical Staff is DISMISSED, and Defendant is DISMISSED as a party to this action; within twenty-one (21) days from entry of this Order, Plaintiff may file an amended complaint identifying the individual(s) who allegedly denied him medical treatment; and the Clerk is directed to send a § 1983 complaint to Plaintiff.

_____
UNITED STATES DISTRICT JUDGE